IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ANAGRAM HOLDINGS, LLC, *et al.*[1] | ) ) ) | Case No. 23-90901 (MI) |
| Debtors. | ) ) ) | (Jointly Administered) |

**FIRST SUPPLEMENTAL NOTICE OF CURE COSTS AND
POTENTIAL ASSUMPTION AND ASSIGNMENT OF EXECUTORY
CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On November 8, 2023, Anagram Holdings, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession ("Anagram Holdings" together with its debtor affiliates, collectively, the "Debtors") filed with the United States Bankruptcy Court for the Southern District of Texas (the "Court") a motion (Docket No. 26) (the "Motion") for the entry of an order (the "Bidding Procedures Order")[2] (i) approving (a) the Bidding Procedures, substantially in the form attached to the Bidding Procedures Order as Exhibit 1 (the "Bidding Procedures"); (b) the Debtors' designation of the stalking horse bidder

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anagram Holdings, LLC (8535); Anagram International, Inc. (2523) and Anagram International Holdings, Inc. (5837). The location of the Debtors' service address for purposes of these chapter 11 cases is: 7700 Anagram Drive, Eden Prairie, MN 55344. For the avoidance of doubt, the Debtors' chapter 11 cases are not proposed to be consolidated with the Party City debtors which emerged from chapter 11 cases in this Court on October 12, 2023. *See In re Party City Holdco Inc., et. al.,* Case No. 23-90005 (MI) (Bankr. S.D. Tex). Any reference herein to the Debtors does not include the debtor-entities that were administered in the Party City chapter 11 cases.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the Motion, Bidding Procedures Order, and the Bidding Procedures, as applicable. Any summary of the Bidding Procedures Order or the Bidding Procedures contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

(the "Stalking Horse Bidder") and offer to such bidder of certain bid protections identified in the Motion and the Bidding Procedures; (c) setting the deadline for potential bidders to submit a proposal to purchase the assets; (d) authorizing and scheduling an auction (the "Auction"); (e) authorizing and scheduling the Sale Hearing; (f) authorizing and approving the form and manner of the Sale Notice; (g) authorizing and approving the Cure Notice to Contract Counterparties regarding the Debtors' potential assumption and assignment of the Assigned Contracts and of the Debtors' calculation of the amount necessary to cure any defaults thereunder (the "Cure Costs"); and (h) authorizing and approving procedures for the assumption and assignment of the Assigned Contracts and the determination of Cure Costs with respect thereto; (ii) authorizing the sale of the Purchased Assets (as defined and identified in the Stalking Horse Asset Purchase Agreement ("Stalking Horse APA")), free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code following the sale process and completion of the Auction (collectively, the "Sale Transaction"); and (iii) granting related relief. On November 20, 2023, the Court entered the Bidding Procedures Order (Docket No. 174).

2. On November 24, 2023, the Debtors filed the Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale (Docket No. 188) (the "Initial Cure Notice"), which identified executory contracts and unexpired leases to be potentially assumed and assigned to the Successful Bidder in connection with the Sale Transaction.

3. The Debtors hereby file this *First Supplemental Notice of Cure Costs and Potential Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale* (the "Supplemental Cure Notice") to (i) remove certain Assigned Contracts from the schedule of Assigned Contracts and Cure Costs (the "Initial Schedule") attached as

Exhibit A to the Initial Cure Notice, (ii) modify certain Cure Costs set forth in the Initial Schedule (such modified Cure Costs, the "Modified Cure Costs") and (iii) supplement the Initial Schedule by adding (x) certain Assigned Contracts that may be assumed and assigned in connection with the Sale Transaction to a Successful Bidder and (y) the Debtors' calculation of the Cure Costs with respect thereto (the "Additional Assigned Contracts").

4. Attached hereto as **Exhibit A** is a revised schedule which incorporates the changes to the Initial Schedule described in the preceding paragraph (the "Supplemental Schedule" and all Assigned Contracts listed therein, the "Listed Contracts"). Attached hereto as **Exhibit B** is a redline of the Supplemental Schedule against the Initial Schedule.

5. The inclusion of any contract or lease on **Exhibit A** or **Exhibit B** hereto, shall not constitute or be deemed a determination or admission by the Debtors that such Listed Contract is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

6. Notwithstanding the inclusion of any contract or lease on **Exhibit A** or **Exhibit B** hereto, a Successful Bidder is not bound to accept assignment of any Listed Contract, and may amend the Supplemental Schedule to remove any Listed Contract.

7. If (a) the Debtors identify (i) additional contracts or leases to be assumed and assigned to a Successful Bidder or (ii) modifications that need to be made to a proposed Cure Cost set forth in the Supplemental Schedule, or (b) a Successful Bidder designates any additional contracts or leases not included on the Supplemental Schedule for assumption and assignment, the Debtors shall promptly file with the Court and serve by first class mail on the applicable Contract Counterparty a supplemental Cure Notice. The Debtors shall assume and assign contracts and leases to a Successful Bidder.

**Objections**

    A.    **Cure Objections.**

8. Any objection to (i) the proposed assumption, assignment, or potential designation of an Additional Assigned Contract the subject of which objection is the Debtors' proposed Cure Costs or (ii) a Modified Cure Cost (each, a "Cure Objection") must:

    (a)    be in writing;

    (b)    state the name and address of the objecting party and the amount and nature of the claim or interest of such party;

    (c)    state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection;

    (d)    conform to the Bankruptcy Rules and the Local Rules; and

    (e)    be filed with the Court no later than **5:00 p.m. (prevailing Central Time) on the date that is seven (7) days after service of this Supplemental Cure Notice on the applicable counterparty** (the "Cure Objection Deadline").

9. **IF NO CURE OBJECTION IS TIMELY RECEIVED WITH RESPECT TO AN ADDITIONAL ASSIGNED CONTRACT OR A MODIFIED CURE COST: (I) THE CONTRACT COUNTERPARTY TO SUCH ADDITIONAL ASSIGNED CONTRACT OR LISTED CONTRACT SUBJECT TO SUCH MODIFIED CURE COST SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION BY THE DEBTORS AND ASSIGNMENT TO A SUCCESSFUL BIDDER OF THE ASSIGNED CONTRACT, AND BE FOREVER BARRED FROM ASSERTING ANY OBJECTION WITH REGARD TO SUCH ASSUMPTION AND ASSIGNMENT (INCLUDING, WITHOUT LIMITATION, WITH RESPECT TO ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY THE SUCCESSFUL BIDDER); (II) ANY AND ALL DEFAULTS UNDER SUCH ADDITIONAL ASSIGNED CONTRACT OR LISTED**

4

**CONTRACT SUBJECT TO SUCH MODIFIED CURE COST AND ANY AND ALL PECUNIARY LOSSES RELATED THERETO SHALL BE DEEMED CURED AND COMPENSATED PURSUANT TO BANKRUPTCY CODE SECTION 365(B)(1)(A) AND UPON PAYMENT OF THE CURE COSTS OR THE MODIFIED CURE COST SET FORTH IN THE SUPPLEMENTAL SCHEDULE FOR SUCH ASSIGNED CONTRACT; AND (III) THE CONTRACT COUNTERPARTY SHALL BE FOREVER BARRED FROM ASSERTING ANY OTHER CLAIMS RELATED TO SUCH ADDITIONAL ASSIGNED CONTRACT OR LISTED CONTRACT SUBJECT TO SUCH MODIFIED CURE COST AGAINST THE DEBTORS AND THEIR ESTATES OR THE SUCCESSFUL BIDDER, OR THE PROPERTY OF ANY OF THE THEM, THAT EXISTED PRIOR TO THE ENTRY OF THE ORDER RESOLVING SUCH CONTRACT OBJECTION AND ANY SALE ORDER.**

### B. Adequate Assurance Objections

10. Objections to the provision of adequate assurance of future performance (each, an "<u>Adequate Assurance Objection</u>") with respect to the assumption and assignment of any Additional Assigned Contracts or Listed Contracts subject to Modified Cure Costs to a Successful Bidder must be filed in accordance with the preceding paragraphs 8-9 by the Cure Objection Deadline.[3]

---

[3] The Stalking Horse APA is subject to higher or otherwise better offers submitted in accordance with the terms and provisions of the Bidding Procedures. If a Qualified Bidder(s) (other than the Stalking Horse Bidder) is selected as Successful Bidder(s) following the Auction, Contract Counterparties will have an additional opportunity to evaluate and object to adequate assurance of future performance with respect to such Successful Bidder(s). The Debtors reserve the right to amend, supplement, or modify any exhibits attached hereto, and to add and/or remove any Assigned Contracts and/or modify any Cure Costs listed thereon for potential assumption and assignment to a bidder other than the bidder identified therein.

11. **IF NO TIMELY ADEQUATE ASSURANCE OBJECTION IS FILED WITH RESPECT TO AN ADDITIONAL ASSIGNED CONTRACT, A LISTED CONTRACT SUBJECT TO A MODIFIED CURE COST OR A SUCCESSFUL BIDDER, THE DEBTORS WILL BE DEEMED TO HAVE PROVIDED ADEQUATE ASSURANCE OF FUTURE PERFORMANCE FOR SUCH ADDITIONAL ASSIGNED CONTRACT OR LISTED CONTRACT SUBJECT TO A MODIFIED CURE COST IN ACCORDANCE WITH SECTION 365(F)(2)(B) OF THE BANKRUPTCY CODE AND THE CONTRACT COUNTERPARTY SHALL FOREVER BE BARRED FROM ASSERTING AGAINST THE DEBTORS, THEIR ESTATES, AND A SUCCESSFUL BIDDER, ANY ADDITIONAL OBLIGATION TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PERFORMANCE.  FURTHER, IF NO TIMELY CURE OBJECTION OR ADEQUATE ASSURANCE OBJECTION IS FILED WITH RESPECT TO AN ADDITIONAL ASSIGNED CONTRACT OR A LISTED CONTRACT SUBJECT TO A MODIFIED CURE COST, THE RELEVANT CONTRACT COUNTERPARTY SHALL BE DEEMED TO HAVE CONSENTED TO THE ASSUMPTION AND ASSIGNMENT OF SUCH ADDITIONAL ASSIGNED CONTRACT OR LISTED CONTRACT SUBJECT TO A MODIFIED CURE COST TO A SUCCESSFUL BIDDER.**

## Sale Hearing

12. The Debtors will seek to assume and assign the Assigned Contracts at the Sale Hearing that is scheduled to commence on **December 22, 2023 at 9:00 a.m. (prevailing Central Time)** before the Honorable Marvin Isgur of the United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002.

13. Objections, if any, that cannot otherwise be resolved by the parties, will be heard at a hearing scheduled prior to the scheduled closing of the Sale Transaction, as determined by the Debtors in accordance with the Bidding Procedures Order.

### Additional Information

14. Copies of the Motion, the Bidding Procedures Order, the Bidding Procedures, and the Stalking Horse APA may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by the Debtors' claims and noticing agent, Kurtzman Carson Consultants LLC, located at https://www.kccllc.net/anagram.

Dated:   December 12, 2023
         Houston, Texas

                                Respectfully submitted,


                                By: /s/ Tom A. Howley
                                **HOWLEY LAW PLLC**
                                Tom A. Howley (Texas Bar No. 24010115)
                                Eric Terry (Texas Bar No. 00794729)
                                Pennzoil Place – South Tower
                                711 Louisiana St., Suite 1850
                                Houston, Texas 77002
                                Telephone: (713) 333-9125
                                Email: tom@howley-law.com
                                       eric@howley-law.com

                                - and -

                                **SIMPSON THACHER & BARTLETT LLP**
                                Sunny Singh (*pro hac vice* admitted)
                                Nicholas E. Baker (*pro hac vice* admitted)
                                Moshe A. Fink (*pro hac vice* admitted)
                                Ashley M. Gherlone (*pro hac vice* admitted)
                                425 Lexington Avenue
                                New York, NY 10017
                                Tel: (212) 455-2000
                                Fax: (212) 455-2502
                                Email: Sunny.Singh@stblaw.com
                                       NBaker@stblaw.com
                                       Moshe.Fink@stblaw.com

Ashley.Gherlone@stblaw.com

*Proposed Counsel to the Debtors and the Debtors in Possession*

**<u>Certificate of Service</u>**

I hereby certify that on December 12, 2023, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Tom A. Howley*
Tom A. Howley