**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ANAGRAM HOLDINGS, LLC, *et al.*,[1] | ) Case No. 23-90901 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**
**ANAGRAM INTERNATIONAL HOLDINGS, INC. (CASE NO. 23-90903)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anagram Holdings, LLC (8535); Anagram International, Inc. (2523) and Anagram International Holdings, Inc. (5837). The location of the Debtors' service address for purposes of these chapter 11 cases is: 7700 Anagram Drive, Eden Prairie, MN 55344. For the avoidance of doubt, the Debtors' chapter 11 cases are not proposed to be consolidated with Party City Holdco Inc. and its affiliate debtors (collectively, "Party City") which emerged from chapter 11 cases in this Court on October 12, 2023. See In re Party City Holdco Inc., et. al., Case No. 23-90005 (MI) (Bankr. S.D. Tex). Any reference herein to the Debtors does not include the debtor-entities that were administered in the Party City chapter 11 cases.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ANAGRAM HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 23-90901 (MI) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**GLOBAL NOTES AND**
**STATEMENT OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Anagram Holdings, LLC ("Anagram") and its direct and indirect subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") have filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and together with the Schedules, the "Schedules and Statements") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Debtors' management, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes")[2] pertain to, are incorporated by reference in, and constitute an integral part

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anagram Holdings, LLC (8535); Anagram International, Inc. (2523) and Anagram International Holdings, Inc. (5837). The location of the Debtors' service address for purposes of these chapter 11 cases is: 7700 Anagram Drive, Eden Prairie, MN 55344. For the avoidance of doubt, the Debtors' chapter 11 cases are not proposed to be consolidated with Party City Holdco Inc. and its affiliate debtors (collectively, "Party City") which emerged from chapter 11 cases in this Court on October 12, 2023. *See In re Party City Holdco Inc., et. al.*, Case No. 23-90005 (MI) (Bankr. S.D. Tex). Any reference herein to the Debtors does not include the debtor-entities that were administered in the Party City chapter 11 cases.

[2]  These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any of Debtor's individual Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

of all of the Debtors' Schedules and Statements.  The Global Notes should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.  To the extent that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation.  Although the Debtors have made reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements under the circumstances, based on information available at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements.  As a result, inadvertent errors or omissions may exist.  The Schedules and Statements are unaudited and subject to potential adjustment. Because the Schedules and Statements contain unaudited information and remain subject to further review, verification, and potential adjustment, there can be no assurance that the Schedules and Statements are complete. For the avoidance of doubt, the Debtors hereby reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate and nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors to amend or supplement the Schedules and Statements from time to time, as may be necessary or appropriate.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  In no event shall the Debtors or their agents, attorneys, and financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Christopher Wiles, Vice President Finance & Administration of Anagram and an authorized signatory for each of the Debtors, has signed each set of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Wiles has necessarily relied upon the efforts, statements, advice, and representations of various personnel employed by the Debtors and the Debtors' advisors.  Mr. Wiles has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

The Schedules and Statements and Global Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performances of the Debtors.

## Global Notes and Overview of Methodology

1. **Description of Cases and "As Of" Information Date.**  On November 8, 2023, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Bankruptcy Rules and Rule 1015-1 of the Local Rules under Case No. 23-90901 (MI). Notwithstanding the joint administration of the Debtors' cases for procedural purposes, each Debtor has filed its own Schedules and Statements. On November 20, 2023, the Office of the U.S. Trustee for the Southern District of Texas appointed the Official Committee of Unsecured Creditors. No trustee or examiner has been appointed in these chapter 11 cases.

   The asset information provided herein represents the asset data of the Debtors as of the close of business on October 31, 2023 (the "Reporting Date"), except as otherwise noted. The liability information provided herein represents the liability data of the Debtors as of the Petition Date, except as otherwise noted.

2. **Reservations and Limitations.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to:  (a) amend and supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim against a Debtor ("Claim")[3] is asserted; (b) dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (c) subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or (d) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these chapter 11 cases, including, but not limited to, any rights or Claims of the Debtors against any third party or issues involving Claims, substantive consolidation, equitable subordination, or defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets

---

[3]   For the purposes of these Global Notes, the term "Claim" shall have the meaning set forth in  section 101(5) of the Bankruptcy Code.

or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements, except as may be required by applicable law.

(a)  **Recharacterization.**  Notwithstanding the Debtors' commercially reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, liabilities, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may nevertheless have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additional information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.

(b)  **Classifications.**  Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such Claim or contract or to setoff of such Claim.

(c)  **Claims Description.**  Schedules D and E/F permit each of the Debtors to designate a Claim as "disputed," "contingent," and/or "unliquidated."  Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection.  The Debtors reserve all rights to dispute, or assert offsets or defenses to, any Claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification. Additionally, the Debtors expressly reserve all rights to subsequently designate such Claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, priority, or avoidability of any Claim.  Moreover, listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or by any of the Debtors.  The Debtors reserve all rights to amend Schedules and Statements as necessary and appropriate, including, but not limited to, with respect to Claim description and designation.

(d)  **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the date of the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ materially from such estimates.  The Debtors reserve all rights

4

to amend the reported amounts of assets and liabilities to reflect changes in estimates or assumptions.

(e) **Causes of Action.** Despite reasonable efforts to identify all known assets, the Debtors may not have identified and/or set forth all of their claims or causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, claims or causes of action that are required to be kept confidential and claims or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all rights with respect to any claims and causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(f) **Intellectual Property Rights.** Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

(g) **Insiders.** In instances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods. Such individuals may no longer serve in such capacities.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission of the legal characterization of such party as an insider for purpose of section 101(31) of the Bankruptcy Code and does not act as an admission of any fact, Claim, right, or defense, and all such rights, Claims, and defenses are hereby expressly reserved. Information regarding the individuals

5

listed as insiders in the Schedules and Statements may not be used for: (i) the purposes of determining (A) control of the Debtors; (B) the extent to which any individual exercised management responsibilities or functions; (C) corporate decision-making authority over the Debtors; or (D) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.

3.  **Methodology.**

(a)  **Basis of Presentation.**  Debtor Anagram Holdings, LLC directly or indirectly owns 100% of the equity of the other Debtors. The Debtors prepare consolidated financial statements, which are typically audited annually. Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP"). Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the consolidated financial statements prepared by the Debtors. Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b)  **Comprehensive Enterprise.**  The Debtors utilize a central and consolidated cash management system, which consists of multiple bank accounts (the "Cash Management System"), as described in further detail in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Maintain Existing Business Forms and Books and Records, and (D) Continue to Perform Intercompany Transactions and (II) Granting Related Relief* [Docket No. 14] (the "Cash Management Motion"). The Debtors manage the cash within the Cash Management System by transferring funds among bank accounts as needed based on cash receipts and disbursements. Certain payments in the Schedules and Statements may have been made by one legal entity on behalf of another legal entity through the Cash Management System. The Bankruptcy Court has entered orders authorizing the Debtors to continue using the Cash Management System [Docket No. 84, 217] (the "Cash Management Orders"). The Debtors' treasury and accounting departments regularly reconcile the Debtors' books and records to ensure that all transfers are accounted for properly. Thus, the Debtors' debits and credits are known and recorded. Although diligent efforts have been made to set forth open payable amounts and Claims on the Schedules and Statements of the correct legal entity, the Debtors reserve the right to modify or amend the Schedules and

Statements to update payable amounts or attribute open payable amounts and Claims to a different legal entity, if necessary or appropriate.

(c) **Confidential Information.**   There may be instances in the Schedules and Statements where the Debtors deemed it necessary and appropriate to redact from the public record information such as names, addresses, or amounts.   Pursuant to the *Order (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors, (B) File a Consolidated List of the 30 Largest Unsecured Creditors, and (C) Redact Certain Personal Identification Information; (II) Approving the Form and Manner of  Notifying Creditors of the Commencement of These Chapter 11 Cases; and (III) Granting Related Relief* [Docket No. 132] (the "<u>Creditor Matrix Order</u>"), the Bankruptcy Court has authorized the Debtors to redact certain personally identifiable information on the Debtors' Schedules and Statements In addition, the Debtors may have redacted certain information where an agreement between the Debtors and a third party, concerns of confidentiality, the protection of sensitive commercial information, or concerns for the privacy of individuals, including employees, so requires.   Moreover, the very existence of certain agreements may be (by the terms of such agreements) confidential.   These agreements have been noted, however, as "Confidential" in the Schedules and Statements, where applicable.   The alterations or redactions are limited only to what the Debtors believe is warranted.

(d) **Executory Contracts.**   Although the Debtors have made reasonable efforts to attribute each executory contract to its rightful Debtor, in certain instances, the underlying executory contract may not specify the particular Debtor legal entity that is party to the contract. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.   In addition, although the Debtors have made reasonable efforts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by the counterparty to such contract or lease.

(i) Furthermore, the Debtors may be third party beneficiaries under certain contracts where a Party City entity is the named contract counterparty. The Debtors have not included such contracts on the Schedules and Statements because they are not a contract counterparty, however, the Debtors reserve all their rights, as a third party beneficiary or otherwise, with respect to such contracts.

(e) **Leases.**   The Debtors have not included the future obligations of any capital or operating leases in the Schedules and Statements.   To the extent that there was an amount outstanding as of the Petition Date, the creditor has been included on Schedule E/F.

In the ordinary course of business, certain of the Debtors may enter into agreements titled as leases for property, other real property interests, and equipment from third party lessors for use in the daily operation of their business. Any known prepetition obligations of the Debtors for equipment or similar leases have been listed on Schedule D or Schedule E/F as applicable, along with the lease counterparties, and the underlying lease agreements are listed on Schedule G, or, if the leases are in the nature of real property interests under applicable state laws, on Schedule A. Nothing in the Schedules or Statements is, or shall be construed to be, an admission as to the determination of the legal status of any lease (including whether any lease is a true lease, a financing arrangement, or a real property interest), and the Debtors reserve all rights with respect to such issues.

(f)　**Net Book Value.** In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to, the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations of all of their assets. Unless otherwise noted, the Schedules and Statements reflect net book values as of the Reporting Date. Exceptions to this include operating cash, cash equivalents, and certain other assets. Operating cash is presented as bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may vary materially from fair market values. Certain assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in the Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

　　The book values of certain assets may materially differ from amounts ultimately realized, their fair market values and/or the Debtors' enterprise valuation that may subsequently be prepared. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

　　Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets.

(g)　**Allocation of Liabilities.** The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional

information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as necessary or appropriate.

The Debtors reserve all of their rights to dispute or challenge the validity of any asserted Claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any such transaction or any document or instrument related to any creditor's Claim.

(h)     **Undetermined Amounts.**  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(i)     **Unliquidated Amounts.**  Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(j)     **Zero Dollar Amounts.**  Amounts listed as zero are either $0, unliquidated, or undetermined.

(k)     **Totals.**  All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(l)     **Paid Claims.**  Pursuant to certain interim and final "first day" orders entered by the Bankruptcy Court in these chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay in their discretion certain Claims on a postpetition basis; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables.  Where and to the extent these liabilities have been satisfied, they may not be listed in the Schedules and Statements.  To the extent the Debtors later pay any amount of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities.

(m)    **Intercompany Claims.**  As described more fully in the Cash Management Motion, the Debtors engage in a range of intercompany transactions in the ordinary course of business.  Pursuant to the Cash Management Orders, the Bankruptcy Court has granted the Debtors authority to continue the intercompany transactions in the ordinary course of business. As described in the First Day Declaration, the Debtors' relationship with Party City is governed primarily by three intercompany contracts and, in the ordinary course of business, the Debtors and Party City settle amounts owed under such intercompany contracts either in cash or through set off. As of the Petition Date, the intercompany balance between the Debtors and Party City reflected a net receivable, which is set forth on Schedule A/B, Part 3. Individual set

offs, however, are excluded from the Schedules and Statements. The Debtors and all parties-in-interest reserve all rights with respect to such accounts.

    (i)    Any cash payments from the Debtors to non-Debtor affiliates, including Party City, in the year leading up to the Petition Date are included in the Statements on Part 2, Question 4.

(n)    **Guarantees and Other Secondary Liability Claims.** The Debtors have used their reasonable efforts to locate and identify guarantees and other secondary liability claims (collectively, the "Guarantees") in their executory contracts, unexpired leases, debt instruments, and other such agreements. Where such Guarantees have been identified, they have been included in the relevant Schedule for the Debtor or Debtors affected by such Guarantees. However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted. The Debtors believe that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, other secured financing, debt instruments, and similar agreements may exist and, to the extent they do, will be identified upon further review. Therefore, the Debtors reserve their rights to amend the Schedules to the extent additional Guarantees are identified.

(o)    **Excluded Assets and Liabilities.** The Debtors have excluded the following categories of assets and liabilities from the Schedules and Statements: certain deferred charges, accounts, or reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets and liabilities; goodwill and other intangibles; deferred revenue accounts; and certain accrued liabilities including, but not limited to, accrued salaries and employee benefits. The Debtors also have excluded rejection damage Claims of counterparties to executory contracts and unexpired leases that have not been rejected, to the extent such damage Claims exist. The Debtors have also excluded unbilled receivables, customer advances, billings in excess of cost and allowances for doubtful accounts. The Debtors also have excluded worker's compensation Claims to maintain the privacy of the claimants. In addition, other immaterial assets and liabilities may also have been excluded.

(p)    **Employee Claims**. The Bankruptcy Court entered a final order granting authority, but not requiring, the Debtors to pay prepetition employee wages, salaries, benefits, and other related obligations. The Debtors currently expect that all prepetition employee Claims for wages, salaries, benefits, and other related obligations either have been paid or will be paid in the ordinary course of business and, therefore, the Schedules and Statements do not include such Claims.

(q)    **Liens.** The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such property and equipment.

(r)    **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(s)    **Credits and Adjustments.**  The Claims of individual creditors for, among other things, goods, products, or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits, allowances and other adjustments.

(t)    **Setoffs.**  The Debtors routinely incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes including, but not limited to, intercompany transactions, counterparty settlements, pricing discrepancies, rebates, returns, warranties, refunds, and negotiations and/or disputes between Debtors and their customers and/or suppliers.  These normal, ordinary course setoffs and nettings are common to the Debtors' business and are consistent with the ordinary course business of the Debtors' industry.  Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements.  In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted. Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with section 553 of the Bankruptcy Code. The Debtors reserve all rights with respect thereto, including the right to amend the setoff amounts.

(u)    **Contingent Assets.** The Debtors believe that they may possess certain claims and causes of action against various parties. The Debtors may also possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all of their causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action or in any way prejudice or impair the assertion of such claims.

(v)    **Receivables**. The Debtors have included only the aggregate book value of accounts receivables and have not listed individual customer receivable balance information as the Debtors consider their customer list to be proprietary and confidential.

(w)    **Fiscal Year.** Each Debtor's fiscal year ends on December 31.

(x)    **Claims of Third-Party Related Entities.** While the Debtors have made every effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the

Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to such parties. Therefore, to the extent the Debtors have classified their estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are designated as such**.**

### Specific Schedules Disclosures

**Schedules Summary**.  The asset information provided represents the asset data of the Debtors as of the close of business on the Reporting Date, except as otherwise noted.  The liability information represents the liability data of the Debtors as of the Petition Date, except as otherwise noted.

The Schedules do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to be fully reconciled with the financial statements of each Debtor.  Certain write-downs, impairments, and other accounting adjustments may not be reflected in the Schedules.  Additionally, the Schedules contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.  Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission as to the Debtor's solvency as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time before the Petition Date.

1.   **Schedule A/B**

   (a)   Unless otherwise stated, that amounts in Schedule A/B are as of the Reporting Date.

   (b)   **Parts 1 and 2 – Cash and Cash Equivalents; Deposits and Prepayments.**

   - Details with respect to the Debtors' Cash Management System and bank accounts are provided in the Cash Management Motion and the Cash Management Orders.  The balances of the financial accounts listed on Schedule A/B, Part 1, are as of the Petition Date.

   - Additionally, the Court, pursuant to the *Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Additional Assurance Requests, and (IV) Granting Related Relief* [Docket No. 89], has authorized the Debtors to provide adequate assurance of payment for future utility services.  Such deposits are not listed on Schedule A/B, Part 2, which has been prepared as of the Reporting Date.

- The balances of deposits and prepayments presented on Schedule A/B, Parts 1 and 2 are as of the Reporting Date.

(c)  **Part 3 – Accounts Receivable.**

- Amounts listed reflect gross amounts received or face amounts requested.

- Intercompany receivable amounts included in accounts receivable totals are net of intercompany payables or chargebacks.

(d)  **Parts 5, 7, 8, and 9 – Inventory, Excluding Agriculture Assets; Office Furniture, Fixtures, and Equipment; and Collectibles; Machinery, Equipment, and Vehicles; Real Property.**

- AB19-22 Date of last physical inventory: The Debtors perform daily cycle counts at their distribution center and inventory counts at their manufacturing facility.

- AB25: Pursuant to the amounts set forth in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Pay Certain Prepetition Claims of (A) Critical Vendors, (B) Lien Claimants, (C) Foreign Vendors, and (D) 503(b)(9) Claimants, (II) Confirming Administrative Expense Priority of Outstanding Orders, and (III) Granting Related Relief* [Docket No. 11] (the "CV Motion"), the Debtors estimate that they owe approximately $6,300,000 in prepetition Trade Claims (as defined in the CV Motion). The Debtors estimate approximately $4,200,000 of goods were delivered in the 20 days preceding the Petition Date, however, a determination of what raw materials, work in progress or finished goods were purchased during that time period is not possible with the information available.

- An external or professional valuation of the Debtors' inventory has not been undertaken.

- Dollar amounts are presented net of accumulated depreciation and other adjustments as of the Reporting Date.

- AB 39,40,41,50: Items have been set forth according to categories delineated in the Debtors' books and records. Individual items are available upon request.

- AB 55-58: The Debtors considered both owned real property and ground leases to which the respective Debtor is a lessee in responding to Schedule A/B, Questions 55–58. In addition, the real property leases to which a Debtor is a lessee or lessor are listed in Schedule G. To the extent any interest in such leases is listed on Schedule G but not Schedule A/B, such interests are incorporated into Schedule A/B, Questions 55–58 by reference.

(e)  **Part 10 – Intangibles and Intellectual Property.**

- Identifies value ascribed by the Debtors to various intangible assets including copyrights, patents, trademarks, registered internet domains and websites, and licenses.

(f)     **Part 11 – All Other Assets.**

- ***Other Contingent and Unliquidated Claims or Causes of Action of Every Nature, including Counterclaims of the Debtor and Rights to Setoff Claims.*** In the ordinary course of their businesses, the Debtors may have accrued, or may subsequently accrue, certain rights to claims, counter-claims, cross-claims, setoffs, refunds with their suppliers or potential warranty claims against their suppliers.  The Debtors' failure to list any cause of action, claim, or right of any nature is not an admission that such cause of action, claim, or right does not exist, and should not be construed as a waiver of such cause of action, claim, or right.

- ***Interests in Insurance Policies or Annuities.***  A list of the Debtors' insurance policies and related information is available in the *Final Order (I) Authorizing the Debtors to (A) Continue Prepetition Insurance Coverage and Satisfy Prepetition Obligations Related Thereto, (B) Renew, Amend, Supplement, Extend, or Purchase Insurance Policies, and (C) Maintain their Surety Bond Program, and (II) Granting Related Relief* [Docket No. 227] (the "Insurance Order"). As discussed in the Insurance Order, the Debtors are named as insured parties and receive coverage under Party City's insurance policies with respect to certain of the insurance policies. The Debtors believe that there is little or no cash value to the vast majority of such insurance policies.  All insurance policies listed in response to Schedule A/B 73 are current as of December 1, 2023.

(g)     **Schedule D – Creditors Who Have Claims in Property.**

- The outstanding amounts under the Debtors' 15.00% PIK/Cash Senior Secured First Lien Notes due 2025, 10.00% PIK/Cash Senior Secured Second Lien Notes due 2026 and asset-based lending facility are set forth in their respective outstanding principal amounts as of the Petition Date.

- Reference to the applicable indentures, loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.  Detailed descriptions of the Debtors' prepetition debt structure, priority of any liens, guarantees, and descriptions of collateral relating to the bank debt contained on Schedule D are contained in the *Declaration of Adrian Frankum in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 19] (the "First Day Declaration").

- Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition funded debt, only the applicable administrative agent or indenture trustee has been listed for purposes of Schedule D.

14

- Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim.

- Further, nothing on Schedule D shall be deemed an admission as to the validity of any lien.  The Debtors made reasonable, good-faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation.  Moreover, the Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

(h)     **Schedule E/F – Creditors Who Have Unsecured Claims**

**Part 1 – Creditors with Priority Unsecured Claims.**  Pursuant to the *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* [Docket No. 218] (the "<u>Taxes Order</u>"), the Debtors have been granted the authority to pay, in their discretion, certain tax liabilities that accrued prepetition.  Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been paid pursuant to the Taxes Order may not be listed in Schedule E.

Furthermore, pursuant to the *Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursement Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief* [Docket No. 83] (the "<u>Wages Order</u>"), the Debtors received final authority to pay certain prepetition obligations, including to pay employee wages and other employee benefits, in the ordinary course of business.  The Debtors believe that any non-insider employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed.

The listing of a Claim on Schedule E/F, Part 1, does not constitute an admission by the Debtors that such Claim or any portion thereof is entitled to priority status.

**Part 2 – Creditors with Nonpriority Unsecured Claims.**  The liabilities identified in Schedule E/F, Part 2, are derived from the Debtors' books and records.  The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of Claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2.  The listed liabilities may not reflect

the correct amount of any unsecured creditor's allowed Claims or the correct amount of all unsecured claims. Amounts shown are as of the Petition Date. However, to the extent that payments were made under authority of the Court's Orders, such amounts may have been reduced. Conversely, to the extent that additional invoices for prepetition amounts are subsequently posted to the Debtors' systems, such amounts may increase.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases.  Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease.  Schedule E/F, Part 2, does not include Claims that may arise in connection with the rejection of any executory contracts and unexpired leases that have been or may be rejected.

In many cases, the Claims listed on Schedule E/F, Part 2, arose, accrued, or were incurred on various dates or on a date or dates that are unknown to the Debtors or are subject to dispute.  Where the determination of the date on which a Claim arose, accrued, or was incurred would be unduly burdensome and costly to the Debtors' estates, the Debtors have not listed a specific date or dates for such Claim.

The Debtors have made reasonable efforts to locate and identify Guarantees in each of the executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements to which any Debtor is a party.  It is possible that certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements may have been inadvertently omitted.  The Debtors reserve their rights to amend the Schedules to the extent additional Guarantees are identified or such Guarantees are discovered to have expired or be unenforceable.  In addition, the Debtors reserve the right to amend the Schedules and Statements and to re-characterize or reclassify any such contract or Claim, whether by amending the Schedules and Statements or in another appropriate filing.  Additionally, failure to list any Guarantees in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guarantees not listed.

As of the time of filing of the Schedules and Statements, the Debtors had not received all invoices for payables, expenses, and other liabilities that may have accrued prior to the Petition Date.  Accordingly, the information contained in Schedules D and E/F may be incomplete.  The Debtors reserve their rights, but undertake no obligations, to amend Schedules D and E/F if and as they receive such invoices.

(i)     **Schedule G – Executory Contracts and Unexpired Leases.**  While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred.   Additionally, some relationships between the Debtors and certain counterparties are governed by a master services agreement or master license agreement, under which such counterparties also place work and purchase orders, which may be considered executory contracts.  Some relationships

between the Debtors and certain counterparties are governed by sublicensing agreements, under which the counterparties contract with third-party vendors to provide goods and services to the Debtors, and such agreements may be considered executory contracts. Disclosure of these purchase and work orders, however, is impracticable and unduly burdensome. Accordingly, to the extent the Debtors have determined to disclose non-confidential master services agreements or master license agreements in Schedule G, purchase and work orders placed thereunder may have been omitted.

(j)     Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreements, which documents may not be set forth in Schedule G. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall be deemed to include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items, which, to the extent such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' Claims with respect to such delivered goods are included on Schedule E/F. Similarly, in the ordinary course of business, the Debtors may have issued numerous statements of work or similar documents for services, which, to the extent such statements of work or similar documents constitute executory contracts, may not be listed individually on Schedule G. To the extent services were delivered under statements of work prior to the Petition Date, vendors' Claims with respect to such services are included on Schedule E/F.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Contracts or agreements identified on Schedule G, include all amendments, supplements, and other documents related thereto. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements, or portions thereof, are not impaired by the omission.

2.   **Specific Statements Disclosures.**

(a)   **Statements, Part 1, Questions 1 and 2.** The gross revenue reported for the current fiscal year is through the Petition Date, while the non-business revenue reported for the current fiscal year is through the Reporting Date. Anagram International, Inc., through their joint venture agreement with with Convergram Mexico, S. De R.L de C.V. ("Convergram"), owns a 49.9% equity interest, which entitles them to non-operating revenues through the profit-sharing program.

(b)   **Statements, Part 2, Question 3 – 90 Day Payments.** The Debtors have responded to Statement, Part 2, Question 3 in a detailed format by creditor. The response to Statement, Part 2, Question 3 includes any disbursement or other transfer made by the Debtors except for those made to (i) insiders or other Debtors (which payments appear in response to Statement, Part 2, Question 4), (ii) non-insider employees, and (iii) bankruptcy professionals (which payments appear in response to Statement, Part 6, Question 11). In addition, the response to Statement, Part 2, Question 3 does not include checks that were either voided or not presented before the Petition Date.

**Statements, Part 2, Question 4.** To the extent: (i) a person qualified as an "insider" in the year prior to the Petition Date, but later resigned their insider status or (ii) did not begin the year as an insider, but later became an insider, the Debtors have only listed those payments made while such person was defined as an insider in Statements, Part 2, Question 4.

The inclusion of a party as an "insider" is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and such rights, Claims, and defenses are hereby expressly reserved.

(c)   **Statements, Part 3, Question 7.** Although the Debtors believe they were diligent in their efforts, certain lawsuits and proceedings may have been excluded inadvertently in the Debtors' response to SOFA, Question 7. Additionally, the Debtors may have causes of action against other parties that have not formally been commenced, and thus any such causes of action have not been included on SOFA Part 3, Question 7. The Debtors reserve all of their rights to amend or supplement their response to SOFA Part 3, Question 7.

The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and administrative proceedings. The listing of such actions shall not

constitute an admission by the Debtors of any liabilities or that the actions were correctly filed against the Debtors or any affiliates of the Debtors. The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

In the event that the Debtors discover additional information pertaining to these legal actions identified in response to SOFA Part 3, Question 7, the Debtors will use reasonable efforts to supplement the Statements in light thereof and reserve all rights to do so.

The response to this question excludes normal-course state audit activities.

(d)     **Statements, Part 4, Question 5.**   The Debtors return products in the ordinary course due to defect, or if the product is not needed. The Debtors did not list any of these types of ordinary course returns in response to SOFA Part 2, Question 5.

(e)     **Statements, Part 4, Question 9 – Gifts.**   The Debtors do not specifically keep track of gifts or charitable contributions.  The amounts listed in Statements, Part 4, Question 9 were based on a manual review of items in the Debtors' books and records determined to be gifts or charitable contributions.  As a result, inadvertent errors or omissions may exist.

(f)     **Statements, Part 6, Question 11 – Payments Related to Bankruptcy.**  Presented herein are payments made to various professional services firms for services rendered within one year immediately preceding the Commencement Date.  The services rendered pertain to (i) debt restructuring and liquidity management, (ii) relief under the Bankruptcy Code, (iii) preparation of bankruptcy petitions and filings, and/or (iv) bankruptcy financing.  Information regarding the Debtors' retention of professional service firms is more fully described in the individual retention applications and related orders.

(g)     **Statements, Part 6, Question 13.**   The Debtors may, from time to time and in the ordinary course of business, transfer equipment and other assets and/or sell certain equipment and other assets to third parties.  These types of ordinary course transfers have not been disclosed.  The Debtors may also abandon assets in place at the locations for which they have no future use or have been unable to sell to a third party.  These types of transfers have not been disclosed.

(h)     **Statements, Part 11, Question 21 – Property Held for Another.**   The Debtors engage in a consignment program with a vendor whereby the inks owned by the vendor are stored at the Debtor's manufacturing facility and are only purchased when consumed. Such program is listed on Part 11, Question 21.

(i)     **Statements, Part 13, Question 26 – Books, Records and Financial Statements.** The Debtors provide certain parties, such as banks, auditors, potential investors, vendors, and financial advisors, with financial statements that may not be part of a public filing. The Debtors do not maintain complete lists or other records tracking such disclosures.  Therefore, the Debtors have provided lists of these parties in their

Responses to Statement Question 26 only to the extent such information was available upon recollection from Debtor personnel.

(j)     **Statements, Part 13, Question 27 – Inventories.**  The Debtors perform daily cycle counts at their distribution center and inventory counts at their manufacturing facility.

(k)     **Statements, Part 13, Question 29 – Former Directors and Officers.** Commercially reasonable efforts have been made to provide accurate and complete information regarding the former directors, managing members, general partners, members, or shareholders who were in control of the Debtors within one year before the Petition Date but who no longer hold these positions.  Inadvertent errors or omissions may exist.

(l)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals Credited or Given to Insiders.**  Answers to this question are provided in Statement Question 4.

*      *      *      *      *

**Fill in this information to identify the case:**

Debtor Name: In re : Anagram International Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90903 (MI)

☐ Check if this is an amended filing

Official Form 206Sum

# Summary of Assets and Liabilities for Non-Individuals

12/15

| Part 1: | Summary of Assets |
| --- | --- |

**1.** *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

    **1a.** **Real property:**

        Copy line 88 from *Schedule A/B* ........................................................................................    $ _____ 0.00

    **1b.** **Total personal property:**

        Copy line 91A from *Schedule A/B* ...................................................................................    $ _____ 0.00

    **1c.** **Total of all property:**

        Copy line 92 from *Schedule A/B* ....................................................................................    $ _____ 0.00

| Part 2: | Summary of Liabilities |
| --- | --- |

**2.** *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D* ......................    $ _____ 240,406,692.20

**3.** *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a.** **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 5a of *Schedule E/F* ...........................................    $ _____ 0.00

    **3b.** **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ..................    + $ _____ 0.00

**4. Total liabilities**

    Lines 2 + 3a + 3b ........................................................................................................................    $ _____ 240,406,692.20

**Fill in this information to identify the case:**

Debtor Name: In re : Anagram International Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90903 (MI)

☐ Check if this is an
amended filing

Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property   12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

## Part 1:   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☑ No. Go to Part 2.

   ☐ Yes. Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**                                     **Current value of debtor's interest**

2. **Cash on hand**

   _____   $ _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   Name of institution (bank or brokerage firm)        Type of account        Last 4 digits of account number

   _____   _____   _____   $ _____

4. **Other cash equivalents** *(Identify all)*

   _____   $ _____

5. **Total of Part 1**

   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.   | $ _____ 0.00 |

Debtor: Anagram International Holdings, Inc.
_____
Name

Case number *(if known)*:  23-90903
_____

---

**Part 2:**   **Deposits and prepayments**

6. **Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.

☐ Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

7. **Deposits, including security deposits and utility deposits**

   Description, including name of holder of deposit

   _____        $ _____

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

   Description, including name of holder of prepayment

   _____        $ _____

9. **Total of Part 2.**

   Add lines 7 through 8. Copy the total to line 81.        $ _____ 0.00

Debtor:  Anagram International Holdings, Inc.
_____
Name

Case number *(if known)*:  23-90903
_____

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

**Current value of debtor's interest**

11. **Accounts receivable**

|  |  | Description | face amount |  | doubtful or uncollectible accounts |  |  |  |
|---|---|---|---|---|---|---|---|---|
| 11a. | 90 days old or less: | _____ | $ _____ | - $ | _____ | =..... ➔ | $ | _____ |
| 11b. | Over 90 days old: | _____ | $ _____ | - $ | _____ | =..... ➔ | $ | _____ |

12. **Total of Part 3.**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

$ _____ 0.00

Debtor: Anagram International Holdings, Inc.
_____
Name

Case number *(if known)*: 23-90903

## Part 4:   Investments

13. **Does the debtor own any investments?**

☒ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

_____ | _____ | $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                                    % of ownership:

_____ | _____ | _____ | $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

_____ | _____ | $ _____

17. **Total of Part 4.**

Add lines 14 through 16. Copy the total to line 83.

$ _____ 0.00

Debtor: Anagram International Holdings, Inc.
_____
Name

Case number (if known): 23-90903
_____

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☒ No. Go to Part 6.
☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | $ | | $ |
| **20. Work in progress** | | $ | | $ |
| **21. Finished goods, including goods held for resale** | | $ | | $ |
| **22. Other inventory or supplies** | | $ | | $ |

23. **Total of Part 5.**
Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No
☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes.  Description _____  Book value $ _____  Valuation method _____  Current value $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor:  Anagram International Holdings, Inc.
_____
         Name

Case number *(if known)*:  23-90903
_____

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops—either planted or harvested** | $ _____ | _____ | $ _____ |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | $ _____ | _____ | $ _____ |
| **33. Total of Part 6.** Add lines 28 through 32. Copy the total to line 85. | | | $ _____ 0.00 |

**34. Is the debtor a member of an agricultural cooperative?**

☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
　　☐ No
　　☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No
☐ Yes.  Description_____  Book value $ _____  Valuation method_____  Current value $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No
☐ Yes

Debtor: Anagram International Holdings, Inc.

Name

Case number *(if known)*: 23-90903

---

**Part 7:** **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture** | $ | | $ |
| 40. **Office fixtures** | $ | | $ |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software** | $ | | $ |
| 42. **Collectibles** *Examples:* Antiques and figurines; paintings,prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | $ | | $ |

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$ _____ 0.00

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor:  Anagram International Holdings, Inc.                                              Case number *(if known):*   23-90903
_____
Name

| Part 8: | **Machinery, equipment, and vehicles** |
|---|---|

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description<br><br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 48.  **Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| _____ | $ _____ | _____ | $ _____ |
| 49.  **Aircraft and accessories** | | | |
| _____ | $ _____ | _____ | $ _____ |
| 50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |
| _____ | $ _____ | _____ | $ _____ |

51.  **Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

$ _____ 0.00

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor: Anagram International Holdings, Inc.

Case number *(if known)*: 23-90903

Name

---

**Part 9:**  **Real property**

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.

☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br><br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest<br><br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 _____ | _____ | $ _____ | _____ | $ _____ |

56. **Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

57. **Is a depreciation schedule available for any of the property listed in Part 9?`**

☐ No

☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

Debtor:  Anagram International Holdings, Inc.                                    Case number *(if known)*:   23-90903

Name

---

| **Part 10:** | **Intangibles and intellectual property** |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| 61. **Internet domain names and websites** | $ | | $ |
| 62. **Licenses, franchises, and royalties** | $ | | $ |
| 63. **Customer lists, mailing lists, or other compilations** | $ | | $ |
| 64. **Other intangibles, or intellectual property** | $ | | $ |
| 65. **Goodwill** | $ | | $ |

66. **Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

| $ | 0.00 |
|---|---|

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

☐ No

☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No

☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐ No

☐ Yes

---

Official Form 206 A/B               **Schedule A/B: Assets - Real and Personal Property**               Page 10 of 12

Debtor:  Anagram International Holdings, Inc.                                    Case number *(if known):*    23-90903

_____
Name

---

**Part 11:   All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑  No. Go to Part 12.

☐  Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|

71. **Notes receivable**

Description (include name of obligor)          Total face amount          doubtful or uncollectible accounts

_____   $ _____  - $ _____  =..... ➔  $ _____

72. **Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

_____   —
_____          Tax year _____   $ _____

73. **Interests in insurance policies or annuities**

_____                          $ _____

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

_____                          $ _____

**Nature of claim**          _____

**Amount requested**     $ _____

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

_____                          $ _____

**Nature of claim**          _____

**Amount requested**     $ _____

76. **Trusts, equitable or future interests in property**

_____                          $ _____

77. **Other property of any kind not already listed**  *Examples*: Season tickets, country club membership

_____                          $ _____

78. **Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.

| $ | 0.00 |
|---|---|

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☐  No

☐  Yes

---

Debtor: Anagram International Holdings, Inc.
_____
Name

Case number *(if known)*   23-90903
_____

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ 0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2*. | $ 0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ 0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.................➔ | | $ 0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ 0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column............91a. | $ 0.00 | + 91b. $ 0.00 |
| 92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92. ................................................ | | $ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Anagram International Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90903 (MI)

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**
   - ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
   - ☑ Yes. Fill in all of the information below.

| **Part 1:** | List Creditors Who Have Secured Claims |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | Column A **Amount of claim** Do not deduct the value of collateral. | Column B **Value of collateral that supports this claim** |
| --- | --- | --- |

2.1 **Creditor's name**

Computershare Trust Company, N.A., as Collateral Trustee

Creditor's Name

**Creditor's mailing address**

Notice Name

1015 10th Ave SE

Street

| Minneapolis | MN | 55414 |
| --- | --- | --- |
| City | State | ZIP Code |

Country

**Creditor's email address, if known**

**Date debt was incurred**   7/30/2020

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

- ☐ No
- ☑ Yes. Have you already specified the relative priority?
  - ☑ No. Specify each creditor, including this creditor, and its relative priority.
    See Global Notes
  - ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all existing or acquired property (UCC Initial Filing No. 20205238821)

**Describe the lien**

Senior Lien: Guarantor

**Is the creditor an insider or related party?**
- ☑ No
- ☐ Yes

**Is anyone else liable on this claim?**
- ☐ No
- ☑ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

$ 125,300,000.00        $        Undetermined

Debtor: Anagram International Holdings, Inc.

Name

Case number *(if known)*    23-90903

| Part 1: | Additional Page |
|---------|-----------------|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**Column A**
**Amount of claim**
Do not deduct the value of collateral.

**Column B**
**Value of collateral that supports this claim**

2.2 **Creditor's name**

Wells Fargo Bank NA

Creditor's Name

**Creditor's mailing address**

Notice Name

10 S Wacker Drive, 26TH Floor

Street

Chicago    IL    60606

City    State    ZIP Code

Country

**Creditor's email address, if known**

**Date debt was incurred**    5/7/2021

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☒ Yes. Have you already specified the relative priority?

   ☒ No. Specify each creditor, including this creditor, and its relative priority.

   See Global Notes

   ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all assets and interests in assets (UCC Initial Filing No. 20213584415)

$ 6,206,692.20    $ Undetermined

**Describe the lien**

Senior Lien: Guarantor

**Is the creditor an insider or related party?**

☒ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☒ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H).

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Debtor: Anagram International Holdings, Inc.

Name

Case number *(if known):* 23-90903

| Part 1: | Additional Page |

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

**Column A**
Amount of claim
Do not deduct the value of collateral.

**Column B**
Value of collateral that supports this claim

**2.3 Creditor's name**

Wilmington Savings Fund Society, FSB, as Collateral Trustee

Creditor's Name

**Creditor's mailing address**

Notice Name

500 Delaware Ave

Street

Wilmington            DE            19801

City            State            ZIP Code

Country

**Creditor's email address, if known**

**Date debt was incurred**   7/30/2020

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

☒ Yes. Have you already specified the relative priority?

  ☒ No. Specify each creditor, including this creditor, and its relative priority.

    See Global Notes

  ☐ Yes. The relative priority of creditors is specified on lines

**Describe debtor's property that is subject to a lien**

Substantially all existing or acquired property (UCC Initial Filing No. 20205238920)

$ 108,900,000.00      $ Undetermined

**Describe the lien**

Junior Lien: Guarantor

**Is the creditor an insider or related party?**

☒ No

☐ Yes

**Is anyone else liable on this claim?**

☐ No

☒ Yes. Fill out S*chedule H: Codebtors(Official Form 206H).*

**As of the petition filing date, the claim is:**
Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**

$ 240,406,692.20

**Part 2:**   List Others to Be Notified for a Debt Already Listed in Part 1

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line _____ | _____ |

Name

Notice Name

Street

City                State                ZIP Code

Country

**Fill in this information to identify the case:**

Debtor Name: In re : Anagram International Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90903 (MI)

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims
12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

**Part 1:**   List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☒ No. Go to Part 2.

   ☐ Yes. Go to Line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | Total claim | Priority amount |
|---|---|---|
| 2.1 **Priority creditor's name and mailing address** | As of the petition filing date, the claim is: $ _____ | $ _____ |

*Check all that apply.*

Creditor Name

☐ Contingent

Creditor's Notice name

☐ Unliquidated

☐ Disputed

Address

**Basis for the claim:**

City     State     ZIP Code

Country

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ( )

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---|---|

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

|  | **Amount of claim** |
|---|---|
| **Nonpriority creditor's name and mailing address** | $ |

**As of the petition filing date, the claim is:**
*Check all that apply.*

Creditor Name

☐ Contingent

☐ Unliquidated

Creditor's Notice name

☐ Disputed

**Basis for the claim:**

Address

City     State     ZIP Code

Country

**Date or dates debt was incurred**

**Is the claim subject to offset?**

☐ No

☐ Yes

**Last 4 digits of account number**

**Part 3:**    List Others to Be Notified About Unsecured Claims

4. **List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.
If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| | Line | |
| Name | ☐    Not Listed.Explain | |
| Notice Name | | |
| Street | | |
| | | |
| City            State        ZIP Code | | |
| Country | | |

**Part 4:**    **Total Amounts of the Priority and Nonpriority Unsecured Claims**

5. **Add the amounts of priority and nonpriority unsecured claims.**

|  |  | **Total of claim amounts** |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | $ _____ 0.00 |
| 5b. **Total claims from Part 2** | 5b. **+** | $ _____ 0.00 |
| 5c. **Total of Parts 1 and 2** <br> Lines 5a + 5b = 5c. | 5c. | $ _____ 0.00 |

**Fill in this information to identify the case:**

Debtor Name: In re : Anagram International Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90903 (MI)

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

1. **Does the debtor have any executory contracts or unexpired leases?**

   ☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **State what the contract or lease is for and the nature of the debtor's interest** | Name |
| | Notice Name |
| **State the term remaining** | Address |
| **List the contract number of any government contract** | |
| | City    State    ZIP Code |
| | Country |

**Fill in this information to identify the case:**

Debtor Name: In re : Anagram International Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90903 (MI)

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☑ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors,** *Schedules D-G.* Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | | Column 2: **Creditor** | |
|---|---|---|---|---|
| **Name** | **Mailing address** | | **Name** | *Check all schedules that apply:* |
| 2.1  Anagram Holdings, LLC | 7700 Anagram Drive | | Computershare Trust Company, N.A., as Collateral Trustee | ☑ D |
| | Street | | | |
| | | | | ☐ E/F |
| | | | | ☐ G |
| | Eden Parie                MN                55344 | | | |
| | City                State                ZIP Code | | | |
| | Country | | | |
| 2.2  Anagram Holdings, LLC | 7700 Anagram Drive | | Wells Fargo Bank NA | ☑ D |
| | Street | | | |
| | | | | ☐ E/F |
| | | | | ☐ G |
| | Eden Parie                MN                55344 | | | |
| | City                State                ZIP Code | | | |
| | Country | | | |

Debtor: Anagram International Holdings, Inc.

Name

Case number *(if known)*   23-90903

| | | | |
|---|---|---|---|
| 2.3 Anagram Holdings, LLC | 7700 Anagram Drive | | Wilmington Savings Fund Society, FSB, as Collateral Trustee | ☑ D |
| | Street | | | ☐ E/F |
| | | | | ☐ G |
| | Eden Parie | MN | 55344 | |
| | City | State | ZIP Code | |
| | Country | | | |

| | | | |
|---|---|---|---|
| 2.4 Anagram International, Inc. | 7700 Anagram Drive | | Computershare Trust Company, N.A., as Collateral Trustee | ☑ D |
| | Street | | | ☐ E/F |
| | | | | ☐ G |
| | Eden Parie | MN | 55344 | |
| | City | State | ZIP Code | |
| | Country | | | |

| | | | |
|---|---|---|---|
| 2.5 Anagram International, Inc. | 7700 Anagram Drive | | Wells Fargo Bank NA | ☑ D |
| | Street | | | ☐ E/F |
| | | | | ☐ G |
| | Eden Parie | MN | 55344 | |
| | City | State | ZIP Code | |
| | Country | | | |

| | | | |
|---|---|---|---|
| 2.6 Anagram International, Inc. | 7700 Anagram Drive | | Wilmington Savings Fund Society, FSB, as Collateral Trustee | ☑ D |
| | Street | | | ☐ E/F |
| | | | | ☐ G |
| | Eden Parie | MN | 55344 | |
| | City | State | ZIP Code | |
| | Country | | | |

**Fill in this information to identify the case:**

Debtor Name: In re : Anagram International Holdings, Inc.

United States Bankruptcy Court for the: Southern District of Texas

Case number (if known): 23-90903 (MI)

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/12/2023
              MM / DD / YYYY

✖ / s / Christopher Wiles
Signature of individual signing on behalf of debtor

Christopher Wiles
Printed name

Vice President of Finance & Administration
Position or relationship to debtor