United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | **Chapter 11** |
| | § | |
| **ANAGRAM HOLDINGS, LLC, *et al.*,** | § § | **Case No. 23-90901 (MI)** |
| | § | |
| Debtors.[1] | § § | **(Jointly Administered)** |

### ORDER (I) ESTABLISHING DEADLINES TO FILE PROOFS OF CLAIM AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion, dated December 9, 2023 (the "Motion")[2] of Anagram Holdings, LLC and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), for an order establishing bar dates and procedures for filing certain claims pursuant to sections 501, 502, and 503 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anagram Holdings, LLC (8535); Anagram International, Inc. (2523) and Anagram International Holdings, Inc. (5837). The location of the Debtors' service address for purposes of these chapter 11 cases is: 7700 Anagram Drive, Eden Prairie, MN 55344. For the avoidance of doubt, the Debtors' chapter 11 cases are not proposed to be consolidated with Party City Holdco Inc. and its affiliate debtors (collectively, "Party City") which emerged from chapter 11 cases in this Court on October 12, 2023. *See In re Party City Holdco Inc., et. al.,* Case No. 23-90005 (MI) (Bankr. S.D. Tex). Any reference herein to the Debtors does not include the debtor-entities that were administered in the Party City chapter 11 cases.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

upon the record herein and upon all of the proceedings had before the Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.     Subject to paragraph eight (8) below, each person or entity that holds or asserts a claim, as defined in section 101(5) of the Bankruptcy Code, against any of the Debtors shall file a separate Proof of Claim in the bankruptcy case of each Debtor against which a claim is asserted. If more than one Debtor is listed on any particular Proof of Claim form, such claim shall be deemed to have been filed only against the first listed Debtor.

2.     Except as otherwise provided herein, any person and entity (excluding any Governmental Unit), asserting a claim against the Debtors in these chapter 11 cases, including claims asserted under section 503(b)(9) of the Bankruptcy Code for goods received by the Debtors in the ordinary course of business within twenty (20) days of the Petition Date, shall file a Proof of Claim so that it is received, as provided in paragraph six (6) below, by KCC on or before **February 7, 2024 at 5:00 p.m. (prevailing Central Time)** (the "General Bar Date"). The Debtors shall include the designated General Bar Date in the Bar Date Notice thereby making the designated General Bar Date a matter of record. The Debtors may agree, in their discretion, to extend the General Bar Date on behalf of a requesting claimant.

3.     All Governmental Units (as defined in section 101(27) of the Bankruptcy Code) asserting claims against one or more of the Debtors shall file Proofs of Claim on or before **May 6, 2024 at 5:00 p.m. (prevailing Central Time)** (the "Governmental Bar Date").

4.     If, on or after the date on which the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules (i) to reduce the undisputed, noncontingent, and liquidated amount of a claim; (ii) to change the nature or characterization of a claim; or (iii) to add a new claim to the Schedules, the affected claimant shall file a Proof of Claim or amend any previously-filed Proof of Claim in respect of the amended scheduled claim in accordance with the procedures described herein so that it is received, as provided in paragraph six (6) below, by KCC on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules (the "Amended Schedule Bar Date").

5.     Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received, as provided in paragraph six (6) below, by KCC on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) thirty (30) days after the entry of an order of the Court authorizing the Debtors' rejection of the applicable executory contract or unexpired lease (the "Rejection Bar Date").

6.     All Proofs of Claim must be ***actually received*** by KCC no later than the applicable Bar Date, either by the claimant (i) submitting such Proof(s) of Claim electronically through KCC, at https://www.kccllc.net/anagram; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) delivering the original Proof(s) of Claim to KCC by mail or hand delivery, at the following address:

| **KCC Addresses for Receipt of Claims** |
| :---: |
| Anagram Holdings, LLC Claims Processing Center<br>c/o KCC<br>222 N Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |

7.      KCC will not accept Proofs of Claim by facsimile, telecopy, email, or other electronic submission, other than as specifically provided herein.

8.      The following persons and entities are not required to file Proofs of Claim in these chapter 11 cases:

a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

b.      any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

c.      any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d.      any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors, the Creditors' Committee or any other statutory committee pursuant to orders of this Court (or any member of such committee seeking reimbursement of expenses incurred in connection with carrying out the duties associated with serving on such committee) that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code but, in each case, solely to the extent of such administrative claim(s);

e.      any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including any entity that is exempt from filing a Proof of Claim pursuant to the DIP Order;

f.      any party identified in the DIP Order as holding a claim on account of any fees, expenses, or other obligations arising thereunder;

g.      any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

h.  any person or entity holding an equity security interest in any Debtor, with regard to an equity interest solely on account of such current ownership; *provided*, that if such holder asserts a claim other than with respect to the current ownership of such equity security interest, including a claim relating to the purchase or sale of such equity interest, a Proof of Claim must be filed on or before the General Bar Date;

i.  Omitted

j.  any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

9.  Proofs of Claim signed electronically by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.

10.  Omitted.

11.  Any person or entity that is required to timely file a Proof of Claim in the form and manner specified by this Order and who fails to do so on or before the Bar Date associated with such claim (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a Proof of Claim with respect thereto in the chapter 11 cases; (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the chapter 11 cases; and (iii) shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the chapter 11 cases.

12.     The Bar Date Notice, substantially in the form attached to this Order as **Exhibit 1**, and the Proof of Claim form, substantially in the form attached to this Order as **Exhibit 2**, are hereby approved in all respects. KCC will have five (5) business days following entry of this Order to mail the Bar Date Notice.

13.     KCC will prominently display the Bar Date Notice on its website.

14.     The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, as set forth in this Order and in the manner set forth herein, no later than thirty days before the General Bar Date.

15.     Within five (5) days of the entry of this Order, the Debtors shall cause KCC to serve the Bar Date Notice, together with a Proof of Claim form, via first-class United States mail, postage prepaid, or applicable foreign priority mail service on the following entities:

a.  The Office of the United States Trustee for the Southern District of Texas;

b.  All creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

c.  All parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the entry of the Bar Date Order;

d.  All entities that have filed Proofs of Claim in these chapter 11 cases as of the date of the Bar Date Order;

e.  All known entities that are party to executory contracts and unexpired leases with the Debtors;

f.  All current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

g.  All known regulatory authorities that regulate the Debtors' businesses, including environmental and permitting authorities;

h.  The Offices of the Attorney General for each of the states in which the Debtors operate;

i.  All entities that are party to active litigation with the Debtors;

j. All known non-Debtor equity and interest holders of the Debtors as of the date the Bar Date Order is entered;

k. All known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

l. The Securities and Exchange Commission; and

m. The Creditors' Committee and any other official committee appointed in these chapter 11 cases.

16.     The Debtors shall publish the Publication Notice, substantially in the form attached to this Order as **Exhibit 3**, in (i) the national edition of The Wall Street Journal, (ii) the Bloomington Richfield Sun Current, (iii) the Sun Sailor and (iv) the Star Tribune, as well as other publications, as well as other publications, if the Debtors deem appropriate, as soon as practicable following entry of this Order, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the General Bar Date by publication.

17.     Nothing contained in this Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party in interests' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

18.     Paragraph 27 of the DIP Order shall govern and control with respect to any Master Proof of Claim that the Prepetition Representatives (each as defined in the DIP Order), as

applicable, elect to file, and the terms of such applicable paragraph 27 shall control to the extent inconsistent with this Order.

19.     The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

20.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: January 02, 2024

Marvin Isgur
United States Bankruptcy Judge

## <u>Exhibit 1</u>

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| **ANAGRAM HOLDINGS, LLC,** *et al.,* | § Case No. 23-90901 (MI) |
| | § |
| Debtors.[1] | § |
| | § (Jointly Administered) |
| | § |

### NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

**TO: ALL PERSONS OR ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY DEBTOR(S) LISTED BELOW.**

**PLEASE TAKE NOTICE THAT:**

1.      On November 8, 2023 (the "Petition Date"), Anagram Holdings, LLC and its debtor affiliates in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). Set forth below are the name, federal tax identification number and the case number for each of the Debtors:

| DEBTOR | EIN | CASE NO. |
|---|---|---|
| Anagram Holdings, LLC | 85-2098535 | 23-90901 (MI) |
| Anagram International, Inc. (f/k/a Anagram Inc.) | 41-1372523 | 23-90902 (MI) |
| Anagram International Holdings, Inc. | 41-1755837 | 23-90902 (MI) |

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anagram Holdings, LLC (8535); Anagram International, Inc. (2523) and Anagram International Holdings, Inc. (5837). The location of the Debtors' service address for purposes of these chapter 11 cases is: 7700 Anagram Drive, Eden Prairie, MN 55344. For the avoidance of doubt, the Debtors' chapter 11 cases are not proposed to be consolidated with Party City Holdco Inc. and its affiliate debtors (collectively, "Party City") which emerged from chapter 11 cases in this Court on October 12, 2023. *See In re Party City Holdco Inc., et. al.,* Case No. 23-90005 (MI) (Bankr. S.D. Tex). Any reference herein to the Debtors does not include the debtor-entities that were administered in the Party City chapter 11 cases.

## DEADLINES FOR FILING CLAIMS
## AGAINST ABOVE-REFERENCED DEBTORS:

2.      Pursuant to an order of this Court entered on [●], 2023 (Docket No. [●]) (the "Bar Date Order"),[2] the deadline for creditors to file proofs of claim against any of the Debtors is **February 7, 2024 at 5:00 p.m. (prevailing Central Time)** (the "General Bar Date") and the deadline for Governmental Units to file proofs of claim against any of the Debtors is **May 6, 2024 at 5:00 p.m. (prevailing Central Time)** (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates"). The Bar Dates apply to all claims against any of the Debtors that arose before the Petition Date, including, but not limited to, claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code;[3] *provided*, *however*, that the Bar Dates do not apply to the "Excluded Claims" listed in paragraph 4 below. The Bar Date Order also sets procedures to be used for filing proofs of claim, which are summarized in this notice for your convenience.

3.      Unless you fall into one of the categories listed in paragraph four (4) below, you MUST file a proof of claim if you have any claim against any of the Debtors that arose before the Petition Date. Acts or omissions that occurred before the Petition Date may give rise to claims subject to the Bar Dates even if the claims may not have become known or fixed or liquidated until after the Petition Date. Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

4.      The Bar Date Order provides that creditors do NOT have to file proofs of claim by the Bar Dates for the types of claims listed below in this paragraph four (4) (collectively, the "Excluded Claims"). You should not file a proof of claim at this time for any Excluded Claim. The Court may enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of Excluded Claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. Excluded Claims include:

  a.      the Office of the United States Trustee for Region 7, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

  b.      any person or entity that has already properly filed or submitted a Proof of Claim against the correct Debtor(s), but only with respect to the particular claim that was properly filed against the correct Debtor(s);

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[3]    A claim arising under section 503(b)(9) of the Bankruptcy Code is a claim arising from the value of any goods received by the Debtors within twenty (20) days before Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

c.     any person or entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d.     any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including any professionals retained by the Debtors, the Creditors' Committee or any other statutory committee pursuant to orders of this Court (or any member of such committee seeking reimbursement of expenses incurred in connection with carrying out the duties associated with serving on such committee) that asserts administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code but, in each case, solely to the extent of such administrative claim(s);

e.     any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including any entity that is exempt from filing a Proof of Claim pursuant to the DIP Order;

f.     any party identified in the DIP Order as holding a claim on account of any fees, expenses, or other obligations arising thereunder;

g.     any person or entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

h.     any person or entity holding an equity security interest in any Debtor, with regard to an equity interest solely on account of such current ownership; *provided,* that if such holder asserts a claim other than with respect to the current ownership of such equity security interest, including a claim relating to the purchase or sale of such equity interest, a Proof of Claim must be filed on or before the General Bar Date;

i.     Omitted; and

j.     any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

5.     **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

6.     If the Debtors amend their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules") after you receive this notice, the Debtors will give notice of that amendment to the holders of the claims that are affected by it, and those holders will be given an opportunity to file proofs of claim before a new deadline that will be specified in that future notice.

7.      The Bankruptcy Code provides that debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim resulting from that rejection. The deadline to file a proof of claim for damages relating to the rejection of the contract or lease is the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, or (b) thirty (30) days after entry and service of any order authorizing the rejection of the contract or lease.

## INSTRUCTIONS FOR FILING PROOFS OF CLAIM:

8.      If you file a proof of claim, your filed proof of claim must (i) be signed by the claimant or if the claimant is not an individual, by an authorized agent of the claimant, (ii) be written in English, (iii) include a claim amount denominated in United States dollars, (iv) conform substantially with the proof of claim form provided by the Debtors or Official Bankruptcy Form No. 410, and (v) state a claim against one or more of the Debtors. The Debtors are enclosing a proof of claim form for use in these chapter 11 cases. Each proof of claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted. If your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as contingent, unliquidated or disputed. You will receive a different proof of claim form for each claim scheduled in your name by the Debtors. If you require additional proof of claim forms, you may obtain a proof of claim form from any bankruptcy court clerk's office, your lawyer, certain business supply stores, or by accessing the Debtors' bankruptcy administration website, at https://www.kccllc.net/anagram.

9.      Your proof of claim form must be filed so as to be ACTUALLY RECEIVED on or before **February 7, 2024 at 5:00 p.m. (prevailing Central Time)**. You can file your proof(s) of claim (i) electronically through Kurtzman Carson Consultants LLC ("KCC"), at https://www.kccllc.net/anagram; (ii) electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by delivering the original proof(s) of claim to KCC by mail or hand delivery at the following address:

| KCC Addresses for Receipt of Claims |
| --- |
| Anagram Holdings, LLC Claims Processing Center c/o KCC 222 N Pacific Coast Highway, Suite 300 El Segundo, CA 90245 |

***KCC will not accept a proof of claim sent by facsimile or e-mail, and any proof of claim submitted via facsimile or e-mail will be disregarded.***

## CONSEQUENCES OF MISSING DEADLINES FOR FILING CLAIMS:

10.     **EXCEPT WITH RESPECT TO EXCLUDED CLAIMS (AS DESCRIBED IN PARAGRAPH FOUR (4) ABOVE), IF YOU FAIL TO FILE A PROOF OF CLAIM SO THAT IT IS ACTUALLY RECEIVED ON OR BEFORE THE APPLICABLE BAR DATE**

4

**ON ACCOUNT OF ANY CLAIM YOU WISH TO ASSERT AGAINST THE DEBTORS, THEN YOU WILL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR FOR VOTING OR DISTRIBUTION PURPOSES WITH RESPECT TO THE CHAPTER 11 CASES.**

**EXAMINATION OF BAR DATE ORDER AND SCHEDULES:**

11.     Copies of the Bar Date Order, the Schedules (once filed), and other information regarding the Debtors' chapter 11 cases are available for inspection free of charge on the Debtors' bankruptcy administration website, at https://www.kccllc.net/anagram, maintained by the Debtors' claims and noticing agent, KCC. Copies of the Schedules (once filed) and other documents filed in these chapter 11 cases may also be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the Office of the Clerk of the Court, 515 Rusk Avenue, Houston, TX 77002.

**QUESTIONS:**

12.     Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting KCC's website at https://www.kccllc.net/anagram. KCC cannot advise you how to file, or whether you should file, a proof of claim. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to KCC through email at AnagramInfo@kccllc.com or by calling KCC at (866) 967-1781 (Toll-Free Number within the U.S./Canada) and (310) 751-2681 (International).

13.     Please note that neither KCC's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. KCC cannot advise you how to file, or whether you should file, a proof of claim.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

## Exhibit 2

**Proof of Claim Form**

Your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/anagram

| United States Bankruptcy Court for the Southern District of Texas |
|---|
| Indicate Debtor against which you assert a claim by checking the appropriate box below. (**Check only one Debtor per claim form.**) |
| ☐ Anagram Holdings, LLC (Case No.  23-90901)    ☐ Anagram International, Inc.  (Case No. 23-90902)    ☐ Anagram International Holdings, Inc. (Case No. 23-90903) |

## Official Form 410

# Proof of Claim

**04/22**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Other than a claim under 11 U.S.C. § 503(b)(9), this form should not be used to make a claim for an administrative expense arising after the commencement of the case.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies or any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.**

| Part 1: | Identify the Claim |
|---|---|

| 1. | **Who is the current creditor?** | Name of the current creditor (the person or entity to be paid for this claim) |
|---|---|---|
| | | Other names the creditor used with the debtor |

| 2. | **Has this claim been acquired from someone else?** | ☐ No |
|---|---|---|
| | | ☐ Yes.   From whom? |

| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|---|
| | Name | Name |
| | Number        Street | Number        Street |
| | City                        State            ZIP Code | City                        State            ZIP Code |
| | Country | Country |
| | Contact phone | Contact phone |
| | Contact email | Contact email |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ | |

| 4. | **Does this claim amend one already filed?** | ☐ No |
|---|---|---|
| | | ☐ Yes.   Claim number on court claims registry (if known) _____          Filed on ___/___/___<br>MM / DD / YYYY |

| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No |
|---|---|---|
| | | ☐ Yes. Who made the earlier filing? |

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☐ No<br><br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |

| | |
|---|---|
| 7. **How much is the claim?** | $ _____ . **Does this amount include interest or other charges?**<br><br>    ☐   No<br><br>    ☐   Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. **What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| 9. **Is all or part of the claim secured?** | ☐ No<br><br>☐ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br><br>    ☐   Real estate: If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br><br>    ☐   Motor vehicle<br><br>    ☐   Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**              $_____<br>**Amount of the claim that is secured:**      $_____<br>**Amount of the claim that is unsecured:**    $_____ (The sum of the secured and unsecured amount should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**   $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>    ☐   Fixed<br>    ☐   Variable |

| | |
|---|---|
| 10. **Is this claim based on a lease?** | ☐ No<br><br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.**       $_____ |

| | |
|---|---|
| 11. **Is this claim subject to a right of setoff?** | ☐ No<br><br>☐ Yes. Identify the property: _____ |

| | | | |
|---|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No ☐ Yes. *Check all that apply:* | | **Amount entitled to priority** |

- ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).  $_____

- ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).  $_____

- ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).  $_____

- ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).  $_____

- ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).  $_____

- ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.  $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$_____

---

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
            MM / DD / YYYY

_____
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | _____ |
| | First name        Middle name        Last name |
| Title | _____ |
| Company | _____ |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | _____ |
| | Number        Street |
| | _____ |
| | City        State        ZIP Code        Country |
| Contact phone | _____        Email _____ |

# Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                   12/15

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

> A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
> 18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- ■ **Fill in all of the information about the claim as of the date the case was filed.**

- ■ **Fill in the caption at the top of the form**

- ■ **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- ■ **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- ■ **Do not attach original documents because attachments may be destroyed after scanning.**

- ■ **If the claim is based on delivery health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

**PLEASE SEND COMPLETED PROOF(S) OF CLAIM TO:**

Anagram Holdings, LLC Claims Processing Center
c/o KCC
222 N. Pacific Coast Hwy., Ste. 300
El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/anagram

- ■ **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- ■ **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St., City, State).* See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may view a list of filed claims in this case by visiting the Claims and Noticing and Agent's website at http://www.kccllc.net/anagram

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing that bankruptcy estate. 11 U.S.C. § 503

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business.  Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity to who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received.
11 U.S.C. §101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Do not file these instructions with your form.**

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

**<u>Exhibit 3</u>**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | §    **Chapter 11** |
| | § |
| **ANAGRAM HOLDINGS, LLC,** *et al.,* | §    **Case No. 23-90901 (MI)** |
| | § |
| Debtors.[1] | § |
| | §    **(Jointly Administered)** |
| | § |

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

      1.     On November 8, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). Set forth below are the name, federal tax identification number and the case number for each of the Debtors:

| DEBTOR | EIN | CASE NO. |
|---|---|---|
| Anagram Holdings, LLC | 85-2098535 | 23-90901 (MI) |
| Anagram International, Inc. (f/k/a Anagram Inc.) | 41-1372523 | 23-90902 (MI) |
| Anagram International Holdings, Inc. | 41-1755837 | 23-90902 (MI) |

      2.     On [●], 2023, the Court entered an order (Docket No. [●]) (the "Bar Date Order")[2] establishing certain deadlines for the filing of proofs of claim in the Debtors' chapter 11 cases.

      3.     Pursuant to the Bar Date Order, all persons, entities, and Governmental Units who have a claim or potential claim, including any claims under section 503(b)(9) of the Bankruptcy Code,[3] against any of the Debtors that arose prior to the Petition Date, no matter how remote or

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Anagram Holdings, LLC (8535); Anagram International, Inc. (2523) and Anagram International Holdings, Inc. (5837). The location of the Debtors' service address for purposes of these chapter 11 cases is: 7700 Anagram Drive, Eden Prairie, MN 55344. For the avoidance of doubt, the Debtors' chapter 11 cases are not proposed to be consolidated with Party City Holdco Inc. and its affiliate debtors (collectively, "Party City") which emerged from chapter 11 cases in this Court on October 12, 2023. *See In re Party City Holdco Inc., et. al.,* Case No. 23-90005 (MI) (Bankr. S.D. Tex). Any reference herein to the Debtors does not include the debtor-entities that were administered in the Party City chapter 11 cases.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Bar Date Order.

[3]    A claim arising under section 503(b)(9) of the Bankruptcy code is a claim arising from the value of any goods received by the Debtors within twenty (20) days before Petition Date, provided that the goods were sold to the Debtors in the ordinary course of the Debtors' business.

contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before **February 7, 2024 at 5:00 p.m. (prevailing Central Time)** for general creditors (the "General Bar Date") and **May 6, 2024 at 5:00 p.m. (prevailing Central Time)** for Governmental Units (the "Governmental Bar Date," and together with the General Bar Date, the "Bar Dates"), by (i) submitting such Proof(s) of Claim electronically through Kurtzman Carson Consultants LLC ("KCC"), at https://www.kccllc.net/anagram; (ii) filing such Proof(s) of Claim electronically through PACER (Public Access to Court Electronic Records), at https://ecf.txsb.uscourts.gov; or (iii) by delivering the original proof(s) of claim to KCC by mail or hand delivery at the following address:

| KCC Addresses for Receipt of Claims |
|:---:|
| Anagram Holdings, LLC Claims Processing Center<br>c/o KCC<br>222 N Pacific Coast Highway, Suite 300<br>El Segundo, CA 90245 |

**PROOFS OF CLAIM SENT BY FACSIMILE OR E-MAIL WILL NOT BE ACCEPTED.**

4.      The Bar Dates apply to all claims against the Debtors arising under section 503(b)(9) of the Bankruptcy Code; *provided, however*, that the Bar Dates do not apply to the Excluded Claims listed in paragraph eight (8) of the Bar Date Order.

5.      **ANY PERSON OR ENTITY (EXCEPT A PERSON OR ENTITY WHO IS EXCUSED BY THE TERMS OF THE BAR DATE ORDER) WHO FAILS TO FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE IN ACCORDANCE WITH THE INSTRUCTIONS ABOVE WILL NOT BE TREATED AS A CREDITOR FOR PURPOSES OF VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN OR PLANS OF REORGANIZATION OR LIQUIDATION IN THE CHAPTER 11 CASES.**

6.      Proof of claim forms and a copy of the Bar Date Order may be obtained by visiting https://www.kccllc.net/anagram, maintained by the Debtors' claims and noticing agent, KCC. KCC cannot advise you how to file, or whether you should file, a proof of claim. Questions concerning the contents of this Notice and requests for copies of filed proofs of claim should be directed to KCC through email at AnagramInfo@kccllc.com or phone by calling KCC at (866) 967-1781 (Toll-Free Number within the U.S./Canada) and (310) 751-2681 (International). Please note that neither KCC's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice.

| |
|:---:|
| **A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.** |